**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

RICKY LEE SCOTT                                                                                              PETITIONER

vs.                                          Case No. 4:14CV00758 SWW-JTK

WENDY KELLEY, Director,
Arkansas Department of Correction[1]                                                             RESPONDENT

**MEMORANDUM AND ORDER**

On December 29, 2014, Ricky Lee Scott filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the Court is a Motion to Dismiss filed by Respondent (DE #7), and a Motion to Appoint Counsel filed by Petitioner (DE #8). For the reasons that follow, the undersigned recommends that the Motion to Dismiss be granted and the Motion to Appoint Counsel be denied as moot.

A jury convicted Scott of capital murder for the shooting death of Robert Smith in Cross County, Arkansas. His conviction was affirmed by the Arkansas Supreme Court in April 1999. Scott then filed a motion for post-conviction relief which was denied by the trial court in March 2003, and affirmed by the Arkansas Supreme Court in 2005. Thereafter, Petitioner's federal habeas petition, *Scott v. Norris*, 5:04cv00082 WRW-HLJ, was denied. The Eighth Circuit Court of Appeals denied an application for a certificate of appealability and two subsequent requests for permission to file second or subsequent habeas petitions. On July 25, 2014, the district court dismissed Scott's motion for relief from judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure. *See Scott v. Hobbs*, 5:04cv00082 KGB. The Eighth Circuit Court of Appeals again denied his

---

[1]Pursuant to Fed. R. Civ. P. 25, Wendy Kelley is substituted as the Respondent.

application for a certificate of appealability.

A claim presented in a second or successive habeas petition under § 2254 must be dismissed unless the Petitioner can make a prima facie showing that he meets all of the requirements of 28 U.S.C. § 2244(b)(2). Importantly, this determination must be made by the Eighth Circuit Court of Appeals, not the United States District Court. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application"). Thus, in order for Petitioner to file and pursue this successive habeas action, he must obtain authorization from the Eighth Circuit, pursuant to 28 U.S.C. § 2244(b)(3)(A).

The instant petition is a successive petition, and Petitioner may not file it without permission of the Eighth Circuit. Consequently, the petition is dismissed.

Based on the foregoing, the Motion to Dismiss (DE # 7) is GRANTED, the Motion to Appoint Counsel (DE # 8) is DENIED AS MOOT and the habeas petition is dismissed.

SO ORDERED this 10th day of February, 2015.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE