IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

RICKY LEE SCOTT                                                                      PETITIONER
ADC # 112513

vs.                          Case No. 4:14CV00758-SWW-JTK

WENDY KELLEY, Director
Arkansas Department of Correction                                                    RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

   1.   Why the record made before the Magistrate Judge is inadequate.

   2.   Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the

>   Magistrate Judge.

3.   The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

## **DISPOSITION**

Petitioner, Ricky Lee Scott, is serving a sentence of life imprisonment for the shooting death of Robert Smith in Cross County, Arkansas. His direct appeal, state post-conviction motion, and federal habeas petition were all denied. The Eighth Circuit Court of Appeals has denied Petitioner's application for a certificate of appealability and two subsequent requests for permission to file a second or subsequent habeas petition. The district court also dismissed his Rule 60 motion.

On December 29, 2014, Ricky Lee Scott filed a writ of mandamus, which the Clerk docketed as a petition for habeas corpus. The Court denied the petition as a successive action for which Petitioner did not obtain authorization from the Eighth Circuit. Petitioner now files a Motion pursuant to Rule 60 for relief from the Court's dismissal order (DE #15). The motion is DENIED.

In his Rule 60 motion, Petitioner requests the Court to vacate its previous order and judgment, which he claims mischaracterized his petition and issue a new order and judgment granting his petition for writ of habeas corpus and directing the state respondent to produce pretrial hearing transcripts, records, and videos for his examination and use in future post-conviction proceedings.

As noted by Respondent, Petitioner does not specify which provision of Rule 60 he believes supports his motion, and the only sections of the rule that could remotely be perceived as applying are Rules 60(b)(1) and Rule 60(b)(6) that allows relief from a prior order in the event of "mistake, inadvertence, surprise, or excusable neglect" and "for any other reason that justifies relief" respectively.  Fed. R. Civ. P. 60(b)(1) and (6).  The Court finds that Petitioner has not shown any judicial inadvertence that would provide grounds for relief under Rule 60(b)(1) or an unusual situation warranting relief under Rule 60(b)(6).

Moreover, whether classified as a writ of habeas corpus or a writ of mandamus, the motion would be denied. The "issuance of a writ of mandamus is an extraordinary remedy reserved for extraordinary situations," *In re MidAmerican Energy Co.*, 286 F.3d 483, 486 (8th Cir. 2002), and the decision to issue a writ is largely discretionary. *See Kerr v. United States District Court*, 426 U.S. 394, 403 (1976).  Although Federal Rules of Civil Procedure Rule 81(b) has abolished the writ of mandamus, 28 U.S.C. § 1361 specifically provides a district court with "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." *See* 28 U.S.C. § 1361.  District Courts have no jurisdiction, however, to issue

writs to govern the action of state employees. *See Griffen-El v. Delo*, 34 F.3d 602, 605 n.4 (8th Cir. 1994). Since none of the Respondents in Petitioner's motion are federal agents, the Court lacks jurisdiction to issue a writ of mandamus and would have dismissed the action for that reason and for failure to state a claim upon which relief would be granted. *See Craigo v. Hey*, 624 F.Supp. 414, 416 (S.D. W. Va. 1985) (sua sponte dismissal of mandamus application).

Based on the foregoing, Petitioner's Motion (DE #15) is DENIED.

IT IS SO ORDERED this 16th day of March, 2015.

_____
United States Magistrate Judge